And the fact that it was expressly provided that when the legacy was to be paid at the legatee's twenty-first year, it was to be without interest, looks in the same direction.

These considerations also outweigh in our mind such a merely technical consideration as that the bequest is made to the legatee not in terms "when he is 21 years old," but "which shall be paid to him when he is 21 years old," which difference Williams in his work on Executors, as quoted (but not necessarily approvingly, as counsel argue) by our Supreme Court in *Kingman v. Harmon,* 131 Ill. 176, thinks significant.

We think the chancellor below was right in his decree, and it is affirmed.

*Affirmed.*

---

**Charles A. Nowak, Defendant in Error, v. Clarence H. Geist, Plaintiff in Error.**

**Gen. No. 19,742. (Not to be reported in full.)**

Error to the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the October term, 1913. Dismissed. Opinion filed October 13, 1914. Rehearing denied October 27, 1914.

## Statement of the Case.

Bill filed by Charles A. Nowak against Clarence H. Geist. A decree was entered, the material parts of which follow.

After reciting that the cause had come on to be heard on the report of a master in chancery dated March 3, 1913, to whom it had been referred under an order of the court of August 3, 1911, and on certain testimony, exhibits, stipulations, objections and exceptions, the court found:

"1.   That the Master by Paragraph 29 of his said Report specifically states that he comes into court with a request for further instructions on the specific point, to-wit, should the defendant be considered a trustee for the use and benefit of the complainant in all of the transactions that took place in regard to the Hammond Illuminating plant subsequent to February 1, 1903, and be made to account to the complainant for one-half the profits that accrued to the defendant by reason thereof.

"2.   That inasmuch as the Court is of the opinion that the defendant is a trustee * * * and that the Master has not completed the account necessary to be taken and stated between the complainant and defendant, it is unnecessary and inappropriate at this time for the Court specifically to pass upon the various objections and exceptions of the complainant and defendant to said report and rulings upon said objections and exceptions are reserved until the coming in of the completed report of the Master to be filed in this cause.

"3.   That under all the evidence taken in this cause the defendant, Clarence H. Geist, was and became on the termination of the partnership between the parties hereto, to-wit, Feb. 1, 1903, a Trustee *de son tort* for the complainant, Charles A. Nowak, of an undivided one-half interest in the six hundred shares of stock of the Hammond Illuminating Company, *and of the franchises or proceeds thereof in East Chicago, Indiana Harbor and Whiting,—unless the Master finds that said franchises were paid for by the $83,790.66 paid by the Union Gas Company*—and of all the accretions of whatsoever kind or character thereunto belonging or appertaining including * * * and as such Trustee said defendant must account to the complainant in this cause for each and all of the aforesaid in kind * * * or if he has disposed of the same then he must show what disposition he made thereof and what he received therefor * * * including said franchises and the proceeds thereof." * * *

The court then decreed that:

"Stillman B. Jamieson, Master in Chancery * * * who now has the cause under consideration to take and

state an account between the parties hereto, be instructed that on the taking and stating of said account he shall require said defendant to state his account showing what disposition he made of the franchises in Whiting, East Chicago and Indiana Harbor, together with the proceeds thereof and of the six hundred shares of stock of the Hammond Illuminating Company, together with all accretions," etc. * * * "And said Master shall state said acount on the basis of one-half of all the assets and profits therefrom acquired by the defendant and being held by him as Trustee belonging to the complainant, and that any and all loss, if any, sustained by the defendant subsequent to February 1st, 1903, in relation to said property or transactions shall be paid by and charged to him individually. * * * Finally, the Master is instructed and directed to make his report touching the matters heretofore referred to him as explained and made more specific by these instructions and present the same, together with the evidence produced before him and his conclusions of law and fact thereon, to this Court with all convenient speed."

The defendant Geist immediately prayed an appeal from the decree, which the chancellor on June 7, 1913, denied.

Thereupon the defendant Geist on August 26, 1913, sued out a writ of error from this court to the Circuit Court, and filed a transcript of the record in the cause to the date of the decree.

An application for a *supersedeas* was made to a judge of the Appellate Court in vacation and allowed on bond. Later the defendant in error appeared and on December 6, 1913, filed a motion to dismiss the writ of error at plaintiff in error's costs, because:

"The decree or order in question is not a final decree, and

"The statutes of this State provide for writs of error on final decrees or orders only, and not upon preliminary or interlocutory decrees cr orders such as the present one, and

"The hearing of the case was not completed in the

trial Court, and this is an effort to have the Appellate Court hear by piecemeal the litigation between the parties hereto."

This motion was pressed and opposed by counsel for the respective parties with written suggestions, in which the question was elaborately argued, but in an oral argument on the merits thereafter, the defendant in error expressed a desire for an adjudication on the merits of the cause as far as it had gone.

STEPHEN A. DAY, for plaintiff in error.

ANGUS ROY SHANNON and CHAUNCEY M. MILLAR, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 272*—*when decree not final.* A decree adjudicating an important point in litigation, *held* to be an interlocutory decree and not such a final decree as to give the Appellate Court jurisdiction to review the same.

2. APPEAL AND ERROR, § 1138*—*effect of dismissal of writ of error.* Dismissal of a writ of error quashes an order that the writ shall operate as a *supersedeas.*

---

### Ellestein Blayney by Joseph H. Blayney, Defendant in Error, v. J. Arthur Cotton, Plaintiff in Error.

### Gen. No. 19,774.

1. DAMAGES, § 233*—*sufficiency of verdict on assessment of damages after default.* Where a recorded verdict of a jury on assessment of damages after entry of default stated that "we the jury find the defendant guilty and assess the plaintiff's damages at" a certain sum, *held* that the words "find the defendant guilty and" were obviously inserted by mistake and were surplusage.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.